UNITED STATES DISTRICT COURT　　　　No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08849-RGK-MAA | Date | November 7, 2023 |
|---|---|---|---|
| Title | *Marcia Pellitteri v. Tangle Teezer, Ltd. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Summary Judgment [DE 106]

## I.  INTRODUCTION

On January 31, 2023, Marcia Pellitteri ("Plaintiff") filed a First Amended Complaint ("FAC") against Tangle Teezer, Ltd.; Tangle Teezer, Inc.; and the CEO of both entities, Shaun Pulfrey (collectively, "Defendants"); alleging several claims for trademark infringement. (ECF No. 16.) On February 14, 2023, Defendants asserted two counterclaims challenging the validity of Plaintiff's trademark. (ECF No. 19.) On June 21, 2023, the Court dismissed Tangle Teezer, Ltd. and Pulfrey from the action, leaving Tangle Teezer, Inc. ("Defendant") as the only remaining defendant. Presently before the Court is Defendant's unopposed Motion for Summary Judgment. For the following reasons, the Court **GRANTS** the Motion.

## II.  FACTUAL BACKGROUND

The following facts are undisputed unless otherwise noted:

### A.  Trademark Registration and TTAB Proceedings

On August 30, 2005, Direct Campaigns, Inc. registered "The Ultimate Everything Brush" for use with respect to electric hair straightening flat irons, electric hair curling irons, hair combs, and hair brushes under registration number 2,989,541 (the "'541 Mark"). (Federbush Decl., Ex. H, ECF No. 106-18.) On January 1, 2007, Direct Campaigns, Inc. assigned the '541 Mark to Plaintiff. (Federbush Decl., Ex. I, ECF No. 106-19.) On February 21, 2012, Direct Campaigns, Inc., submitted a Combined Declaration of Use and Incontestability pursuant to 15 U.S.C. §§ 1058 and 1065 ("Section 8 Declaration"). (Federbush Decl., Ex. J, ECF No. 106-20.) In the Declaration, Direct Campaigns, Inc. is listed as the owner of the '541 Mark. Plaintiff signed the Declaration.

UNITED STATES DISTRICT COURT  No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08849-RGK-MAA | Date | November 7, 2023 |
|---|---|---|---|
| Title | *Marcia Pellitteri v. Tangle Teezer, Ltd. et al* | | |

Defendant, along with Tangle Teezer, Ltd. and Pulfrey, manufactures and sells hairbrushes. On June 27, 2018, Tangle Teezer, Ltd. attempted to register the trademark "The Ultimate." (Federbush Decl., Ex. B, ECF No. 106-12.) On October 17, 2018, the United States Patent and Trademark Office (USPTO) denied the application because of a likelihood of confusion with the '541 Mark. (Federbush Decl., Ex. C, ECF No. 106-13.)

On April 8, 2019, Pulfrey filed a Petition for Cancellation of the '541 Mark with the Trademark Trial and Appeal Board (TTAB). (Federbush Decl., Ex. D, ECF No. 106-14.) Pulfrey contended that Plaintiff had abandoned her use of the '541 Mark. In a Second Amended Petition to Cancel, dated December 16, 2020, Pulfrey additionally contended that the '541 Registration was void because the Section 8 Declaration erroneously identified Direct Campaigns, Inc. as the owner of the '541 Mark, when in fact the '541 Mark was owned by Plaintiff. (Federbush Decl., Ex. E, ECF No. 106-15.)

During the TTAB proceedings, the Board observed that Plaintiff had demonstrated "a clear pattern of delay, which increases costs to both parties and to the Board, requires unnecessary Board time and attention, and otherwise burdens Board and USPTO resources." (Federbush Decl., Ex. F at 5, ECF No. 106-16.) The Board additionally noted it had granted "several suspensions and extensions resulting from [Plaintiff's] submissions, changes in counsel, and failure to appear for her noticed deposition." (*Id.* at 22.)

On December 7, 2022, ten days prior to her scheduled discovery deposition in the TTAB proceedings, Plaintiff filed the instant action.[1] The Board noted that "[t]he timing of the filing of the civil action suggests that [Plaintiff] may have commenced the civil action at least in part to avoid appearing for her discovery deposition and to otherwise delay resolution of the [TTAB] proceeding." (Federbush Decl., Ex. G at 7, ECF No. 106-17.) Nevertheless, the Board suspended its proceedings pending final determination of the instant civil action. (*Id.*)

**B.    District Court Litigation**

Plaintiff's apparent delay tactics persisted in this litigation. On March 31, 2023, Plaintiff's counsel filed a Motion to Withdraw as Attorney. (ECF No. 42.) On May 1, 2023, the Court granted the Motion. (ECF No. 54.) Plaintiff has since proceeded pro se. On August 4, 2023, Plaintiff filed an Ex Parte Request for Extension to Obtain Legal Representation. (ECF No. 62.) According to Plaintiff, a continuance was necessary based on numerous serious and unexpected medical conditions that left her unable to obtain new counsel. On August 10, 2023, the Court continued the discovery and motion cut-off dates, while leaving the pretrial conference and trial dates unaltered. (ECF No. 65.) Upon granting

---

[1] The instant action is the second civil case Plaintiff has filed with respect to the '541 Mark. The first, filed July 29, 2022, was dismissed for lack of prosecution. (*See* Civil Minutes at 1, ECF No. 82.)

UNITED STATES DISTRICT COURT  No JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08849-RGK-MAA | Date | November 7, 2023 |
|---|---|---|---|
| Title | *Marcia Pellitteri v. Tangle Teezer, Ltd. et al* | | |

this continuance, the Court warned Plaintiff that it would not grant any additional continuances "[a]bsent extraordinary circumstances." (*Id.*)

On September 18, 2023, Plaintiff filed a second Ex Parte Application seeking yet another continuance. (ECF No. 73.) After requesting and reviewing documentation of Plaintiff's medical hardship, the Court denied the second Ex Parte Application. (ECF No. 82.) The Court noted that although it was "sympathetic to Plaintiff's poor health, it appear[ed] her condition ha[d] not materially changed since August 10, 2023, when the Court granted the first continuance." (*Id.* at 1–2.) Plaintiff continues to proceed pro se. Plaintiff has not served any discovery requests, nor has she responded to Defendant's discovery requests. (Rubiner Decl. ¶¶ 8, 13, 15, ECF No. 106-13.)

According to Defendant, Plaintiff has not sold products using the '541 Mark in more than three years. In support of this contention, Defendant submits a declaration and report from Robert Goldkind, a private investigator who spoke with Plaintiff about the '541 Mark in February 2019. (ECF Nos. 106-8, 106-9.) Plaintiff allegedly told Goldkind that her use of the '541 Mark was from "way back . . . maybe six to eight years ago." (Goldkind Decl. ¶ 4, ECF No. 106-8 (ellipsis in original).) Plaintiff also said that she had since "moved on to other things." (*Id.* ¶ 6.)

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56(a), a court may grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" only if dispute about them may affect the outcome under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

On issues where the moving party does not have the burden of proof at trial, the moving party is required to show that no evidence supports the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To defeat a summary judgment motion, the nonmoving party may not merely rely on his pleadings or on conclusory statements. *Id.* at 324. Nor may the nonmoving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). Rather, the nonmoving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324.

### IV. DISCUSSION

Plaintiff asserts five claims for trademark infringement and Defendant asserts two counterclaims challenging the validity of the '541 Mark. The Court addresses the claims and counterclaims in turn.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

No JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08849-RGK-MAA | Date | November 7, 2023 |
|---|---|---|---|
| Title | *Marcia Pellitteri v. Tangle Teezer, Ltd. et al* | | |

### A. **Plaintiff's Claims**

Plaintiff asserts five claims predicated on the fact that she holds a valid ownership interest in the '541 Mark: (1) trademark infringement under the Lanham Act; (2) common law trademark infringement under California law; (3) false designation of origin and unfair competition; (4) trademark dilution; and (5) contributory trademark infringement. Plaintiff's claims fail because (1) Plaintiff's Section 8 Declaration was deficient and (2) Plaintiff has abandoned the mark.

#### 1. *Section 8 Declaration*

Under 15 U.S.C. § 1058, a trademark is subject to cancelation unless its owner timely files an affidavit stating either (1) that the mark is in use in commerce or (2) that nonuse of the mark should be excused due to special circumstances. This affidavit is sometimes referred to as a Section 8 declaration. The requirement that a section 8 declaration be filed by a mark's owner is strictly enforced. For example, in *Re: Trademark Registration of ACE III Communications, Inc.*, the TTAB canceled a trademark registration because a section 8 declaration was not filed by the mark's owner. 2001 WL 1804208, at *4 (TTAB Dec. 6, 2001). In *ACE III*, the mark had been registered to "Ace III Communications, Inc." *Id.* An individual, Carolyn Jernigan Glenn, filed a Section 8 declaration. *Id.* The TTAB reasoned, "as an individual, [Ms. Glenn] is a separate legal entity from the corporation. Because they are separate entities, Ms. Glenn cannot be substituted as the owner of the registered mark." *Id.*

Here, Plaintiff was the owner of the '541 Mark. The Section 8 Declaration, however, listed an entity—Direct Campaigns, Inc.—as the owner. Under 15 U.S.C. § 1058, a registration **shall** be canceled in the absence of a proper declaration. 15 U.S.C. § 1058 (a) (emphasis added). Therefore, Plaintiff lacks a valid registration of the '541 Mark and claims requiring a valid federal trademark registration necessarily fail.

#### 2. *Abandonment*

To the extent that any of Plaintiff's claims do not require a federal trademark registration, those claims fail because Plaintiff abandoned the '541 Mark. A trademark owner has abandoned her trademark if (1) she has discontinued use of the trademark and (2) she has demonstrated an "intent not to resume such use." 15 U.S.C. § 1127. "Nonuse for 3 consecutive years shall be prima facie evidence of abandonment." *Id.* Here, both requirements are satisfied. Plaintiff admitted that she had not used the mark in more than three years when she spoke to the private investigator. Plaintiff demonstrated the requisite intent not to resume use of the '541 Mark when she told the investigator that she had "moved on to other things."

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

No JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-08849-RGK-MAA | Date | November 7, 2023 |
|---|---|---|---|
| Title | *Marcia Pellitteri v. Tangle Teezer, Ltd. et al* | | |

In sum, Plaintiff's claims fail because she lacks a valid federal trademark registration and has abandoned use of the '541 Mark. Accordingly, the Court **GRANTS** the Motion with respect to all claims.

**B.     Defendant's Counterclaims**

Defendant asserts two grounds for finding registration of the '541 Mark invalid. In its first counterclaim, Defendant contends that the '541 Mark bas been abandoned. In its second counterclaim, Defendant contends that the Section 8 Declaration incorrectly listed Direct Campaigns, Inc. as the owner of the mark. For the reasons listed above, the registration for the '541 Mark is invalid on both counts. Accordingly, the Court **GRANTS** the Motion with respect to Defendant's counterclaims.

**V.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment with respect to Plaintiff's claims and **dismisses** Plaintiff's claims in their entirety. Because the registration for the '541 Mark is invalid, the Court additionally **GRANTS** the Motion with respect to Defendant's counterclaims. Defendant shall submit a final judgment consistent with this Order within **seven days** of this Order's issuance.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ak |